of the decision of the Court of Appeals for Veterans Claims. *See Livingston v. Derwinski,* 959 F.2d 224, 225–26 (Fed.Cir. 1992); 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

**Gary P. GADASH, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs. Respondent–Appellee.**

**No. 01–7071.**

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

ON MOTION

ORDER

Gary P. Gadash moves to voluntarily dismiss his appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.

**Albert F. TEAGUE, Jr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7048.**

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

ON MOTION

MICHEL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Albert F. Teague, Jr.'s appeal for lack of jurisdiction or, in the alternative, summarily affirm the decision of the Court of Appeals for Veterans Claims. Teague opposes. The Secretary replies.

On January 16, 2001, Teague filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims. Teague sought to challenge his disability retirement with the United States Postal Service or, in the alternative, for service connection for his disability retroactive to 1970. On February 8, 2001, the Court of Appeals for Veterans Claims denied the petition. The court stated that review of the Postal Service retirement would not be

in aid of that court's jurisdiction. Concerning service connection for a disability retroactive to 1970, the court stated that Teague had not exhausted his administrative review of such a claim. Teague appealed that court's order to this court.

Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. *See In re Bailey,* 182 F.3d 860 (Fed.Cir.1999).

In his informal brief, Teague argues the facts concerning his case and cites to various statutes and constitutional provisions. However, Teague does not challenge the validity or interpretation of any statute or regulation or raise a nonfrivolous constitutional issue. Therefore, our limited jurisdiction does not permit review. *See* 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.